**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ADAM SMITH,                          )
                                     )
                 Plaintiff,          )
                                     )
vs.                                  )           Case No. 23-cv-1297-NJR
                                     )
                                     )
C/O KNIGHT, *et al.*,                )
                                     )
                 Defendants.         )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Adam Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Smith alleges the defendants placed him at increased risk of serious physical harm by spreading a rumor among the general inmate population that he is a child molester and subjecting him to inhumane conditions of confinement (Doc. 1).

This matter is before the Court on Smith's motion for leave to add second additional claim of retaliation (Doc. 13) and motion to reconsider and for leave to add additional related claim (Doc. 15).

### BACKGROUND

On April 20, 2023, Smith filed his Complaint alleging claims of retaliation, cruel and unusual punishment, and unconstitutional conditions of confinement claims against the defendants. He was allowed to proceed on the following claims:

Count 1:    Officers Doe 1 and 2 created an unnecessary and increased risk of serious physical harm to Smith when they threatened to break his jaw and spread a rumor that he is a "chomo" beginning on February 17, 2023, in violation of the Eighth Amendment.

Count 2:    Officers Doe 1 and 2 conspired to deprive Smith of his right to be free from cruel and unusual punishment under the Eighth Amendment, when they told inmates he was a "chomo" beginning on February 17, 2023.

Count 4:    Officers Doe 1 and 2 defamed Smith when they spread a false rumor that he is a "chomo" in violation of Illinois state law.

Count 7:    C/O Knight subjected Smith to unconstitutional conditions of confinement in segregation by cutting off the water supply to his cell and thereby depriving him of use of a sink or toilet, in violation of the Eighth Amendment.

Count 9:    C/O Knight and Wills subjected Smith to unconstitutional conditions of confinement in segregation by confining him 24/7 in a cell with no bars, no water, no showers, no working toilet, no working sink, and peeling lead pain, in violation of the Eighth Amendment.

The following counts, however, were dismissed because Smith failed to state a claim:

Count 3:    Officers Doe 1 and 2 denied Smith equal protection of the law in violation of the Fourteenth Amendment.

Count 5:    Warden Wills violated Smith's right to due process of law by denying his emergency grievance filed February 21, 2023, in violation of the Fourteenth Amendment.

Count 6:    Officer Knight retaliated against Smith for telling the officer to stop lying by denying Smith shower access and cutting off the water supply to his cell on April 2, 2023 in violation of the Eighth Amendment.

Count 8:    Warden Wills violation Smith's right to due process of law by denying his emergency grievance filed April 4, 2023, in violation of the Eighth Amendment.

(Doc. 7, pp. 4-9).

In his motion to reconsider and for leave to add claim (Doc. 15), Smith asks the Court to reconsider its decision to dismiss Counts 5 and 8. Specifically, he asks the Court to consider an emergency grievance regarding his claims which was denied by Warden Wills. Smith believes the grievance is evidence that Warden Wills retaliated against Smith and that Wills initiated rumors against him in retaliation for filing a previous lawsuit against Wills.

In Smith's motion for leave to add additional claim (Doc. 13), Smith seeks to add a retaliation claim against John Doe #2 for recent threats of violence which occurred on April 28, 2023.

## DISCUSSION

Although labeled a motion to reconsider, Smith seeks to allege a new retaliation claim against Warden Wills. He argues that he now has evidence, and his own personal belief, that Wills initiated the rumors about Smith in retaliation for Smith filing a previous lawsuit against Wills. He indicates that he seeks reconsideration of Counts 5 and 8, but those counts alleged due process claims against Wills for denying grievances. Those counts did not allege retaliation. Further, the mishandling or denying of grievances does not state a claim nor does the grievance process implicate the Due Process Clause. Smith fails to offer any argument to suggest that the Court made a mistake in dismissing the due process claims. To the extent Smith asks the Court to reconsider its prior dismissal, his request is **DENIED**.

Further, Smith's request to add allegations to his Complaint is also **DENIED**. The Court will not accept piecemeal amendments to the original complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Thus, if Smith wants to add additional

claims, he must seek to file an amended complaint which can stand on its own without reference to any previous pleading.

Similarly, Smith's motion to add an additional retaliation claim (Doc. 13) is also **DENIED** because it is a piecemeal attempt to add claims to his original Complaint. In order to amend his Complaint, Smith would need to file a motion to amend and submit a proposed amended complaint which includes his prior claims as well as his proposed additional claims.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Smith's motion for leave to add second additional claim (Doc. 13) and motion for reconsideration and for leave to add additional claim (Doc. 15).

**IT IS SO ORDERED.**

**DATED: May 9, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**