IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KYLAN KNIGHT, C/O JOHN DOE #1,<br>C/O JOHN DOE #2, and<br>ANTHONY WILLS,[1]<br><br>　　　　Defendants. | Case No. 23-cv-1297-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Adam Smith, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983. After a review of his Complaint pursuant to 28 U.S.C. § 1915A, Smith was allowed to proceed on the following claims:

**Count 1:** Officers Doe 1 and 2 created an unnecessary and increased risk of serious physical harm to Smith when they threatened to break his jaw and spread a rumor that he is a "chomo" beginning on February 17, 2023, in violation of the Eighth Amendment.

**Count 2:** Officers Doe 1 and 2 conspired to deprive Smith of his right to be free from cruel and unusual punishment under the Eighth Amendment, when they told inmates he was a "chomo" beginning on February 17, 2023.

**Count 4:** Officers Doe 1 and 2 defamed (slandered) Smith when they spread a false rumor that he is a "chomo," in violation of Illinois state law.

---

[1] C/O Knight has identified himself by his proper name, Kylan Knight. The Clerk is **DIRECTED** to correct the docket to reflect Defendant's proper name.

> **Count 7:** Officer Knight subjected Smith to unconstitutional conditions of confinement in segregation by cutting off the water supply to his cell and thereby depriving him of use of a sink or toilet, in violation of the Eighth Amendment.
>
> **Count 9:** Defendants Knight and Wills subjected Smith to unconstitutional conditions of confinement in segregation by confining him 24/7 in a cell with no bars, no water, no showers, no working toilet, no working sink, and peeling lead paint, in violation of the Eighth Amendment.

(Doc. 7, p. 9).

This matter is before the Court on Smith's motion to reconsider (Doc. 38). Smith seeks the Court's reconsideration on several Orders related to his request for a preliminary injunction and his request to amend his Complaint. Defendants Knight and Wills filed a response in opposition to the motion (Doc. 44).

## Discussion

Smith's motion to reconsider seeks to revisit several Orders regarding the scheduled preliminary injunction hearing and Smith's request to amend his Complaint. Smith asks that the Court reconsider its ruling regarding witnesses at the evidentiary hearing and its ruling regarding the preservation of related video footage. Smith also seeks a different ruling related to his request for default against the Defendants. Finally, Smith requests that the Court reconsider its decision to deny him leave to file an Amended Complaint.

### A. Witness for Evidentiary Hearing

On May 17, 2023, Smith filed a motion for writ of habeas corpus seeking the testimony of inmate Robert B. See (Doc. 22). Smith indicated that on May 13, 2023, See informed him that he heard John Doe #2 make allegations regarding Smith being a "chomo" (*Id*. at p. 1). Smith requested See's testimony both in support of his motion for preliminary injunction and

for trial. Smith also attached an affidavit from See, who testified that he heard an unknown correctional officer call Smith a "chomo" (*Id*. at p. 2). See's affidavit also indicated that he experienced disrespect from officers in the past, recounting several incidents with guards slapping him, spitting in his face, and choking him (*Id*.).

On May 22, 2023, the Court denied Smith's request for a writ for See's testimony because the motion for preliminary injunction had not yet been set for an evidentiary hearing. The Court noted that the affidavit would be considered as a supplement and that Smith could renew his request to produce See as a witness if the matter was set for hearing. Smith now renews his request to have inmate Robert See testify at the scheduled evidentiary hearing (Doc. 38, p. 1). But the Court does not find that additional testimony from See would be relevant to the issues raised by Smith's motion for preliminary injunction. Smith's motion requests transfer due to the lack of water in his cell and the threats by staff. See's affidavit makes clear that he could only testify as to a single statement from officers in May 2023, which indicated that Smith was a "chomo." Nothing in his affidavit suggests that he could offer relevant testimony as to the current conditions of Smith's cell or the threats of retaliation that Smith alleges he continues to face at Menard. Smith fails to indicate in his motion what additional testimony See could offer that would be relevant to his claims. The Court has See's affidavit, which will be considered as evidence with Smith's motion for preliminary injunction. Additional testimony from See is not needed at this time. Thus, Smith's request for a writ is **DENIED**.

### B. Video Footage

Smith's motion to reconsider also renews Smith's request regarding the preservation of video footage. Smith first indicates that he submitted a "Corrected 2nd Urgent Motion for

Preliminary Injunction" and asks to confirm the Court's receipt of that motion. The Court received Smith's motion along with a supplement to his motion for preliminary injunction (Docs. 31 and 34). The Court denied the motion as moot, noting that both the motion and an earlier filed motion sought the preservation of video footage and the Court directed Defendants to come to the hearing prepared to discuss the availability of video footage (Doc. 36). Smith now argues that the Court's Order is not enough to ensure the preservation of relevant footage. He argues that without a court order, the security cameras will continue to record and previous footage may be automatically recorded over. Smith fails to offer any new argument that the Court did not previously consider—as his original motion also indicated his belief that the video footage may be erased. The Court has already instructed Defendants to come to the hearing prepared to discuss the availability of the requested video footage. The Court finds that no further order is necessary at this time.

### C. Request for Default

Smith also argues that the Court erred in denying his request for default (Doc. 26). On May 25, 2023, Smith sought a default judgment against Warden Wills for his failure to respond to Smith's motion for preliminary injunction. The Court denied Smith's motion, noting that it was resetting the response deadline (Doc. 35). At the time the Court initially set the deadline to respond to Smith's motion, Warden Wills had not yet entered the case. His Answer was not due until June 26, 2023. Thus, he was not in default and he had not waived his right to respond, as Smith argues. Smith's motion to reconsider his request for default is **DENIED**.

### D. Motion to Amend

Finally, Smith requests that the Court reconsider the denial of his motion to amend

complaint. Smith argues that his motion only sought to add three additional acts of retaliation by John Does 1 and 2. He further argues that his additional allegations of retaliation were not vague and that the intimidating statements were the retaliatory actions, which Smith argues should have been enough to state a claim. But Smith fails to note that the motion to amend was denied, in part, because his proposed pleading did not comply with Southern District of Illinois Local Rule 15.1 and because he structured his Amended Complaint as a motion with explanations of why certain claims should be allowed to proceed. Smith may certainly renew his motion for leave to amend and the Court instructed that a Section 1983 Complaint form be sent to Smith to aid him in drafting an amended pleading. But his original motion to amend was properly denied.

## CONCLUSION

For the reasons stated above, Smith's motion to reconsider (Doc. 38) is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 23, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**