IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM SMITH,<br><br>            Plaintiff,<br><br>v.<br><br>C/O KNIGHT, C/O JOHN DOE 1,<br>C/O JOHN DOE 2, and<br>ANTHONY WILLS,<br><br>            Defendants. | Case No. 23-cv-1297-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Adam Smith, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed this civil rights action *pro se* under 42 U.S.C. § 1983. Smith was allowed to proceed on claims related to his conditions of confinement in segregation and the risk of harm presented by officers spreading rumors about the nature of his crimes (Doc. 7).

This matter is now before the Court on motions filed by Smith. Smith first filed a motion for the Court to order the mail room to mail out his grievance appeals (Doc. 78). He subsequently filed a motion to compel a ruling on that motion (Doc. 80). Recently, he filed a motion to amend his Complaint in order to add class action claims (Doc. 81).

### A. Motion Regarding Grievances

As to his motion for Court Order regarding grievances, Smith alleges that on July 24, 2023, he sent two grievance appeals to the Administrative Review Board ("ARB") (Doc. 78). He believes that mailroom supervisor Charles Mattingly seized the documents instead of

mailing them to the ARB. Smith alleges that Mattingly purposely withheld the appeals in an attempt to prevent Smith from exhausting his claims in this case. In his recently filed motion to compel ruling (Doc. 80), Smith alleges that the grievances are still in Mattingly's possession and will now be deemed late if received by the ARB. He asks that the Court order the ARB to accept the grievances as timely filed.

Simply put, Smith is not entitled to the relief he requests. He seeks an order directing Charles Mattingly to mail his appeals and an order directing the ARB to accept the appeals, but neither Mattingly nor any member of the ARB is a party in this case. Further, his claims regarding his grievances are unrelated to the claims in this case. The claims in this case relate to Smith's conditions of confinement and protection from other inmates. To the extent Smith believes he is being retaliated against by officials confiscating grievances, those are new claims against new individuals that would have to be filed in a new lawsuit.

Smith also argues he is now unable to exhaust his claims in this case, but the Court notes that exhaustion is a precondition to *filing* suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Thus, Smith should have already exhausted his grievances prior to filing his Complaint. If he believes officials at the prison improperly confiscated grievances making the grievance process unavailable, he may certainly argue that point in response to a dispositive motion on the issue of exhaustion, should the defendants file one in this case. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

For the reasons stated, Smith's motion for Court Order (Doc. 78) is **DENIED**. Smith's motion to compel Court Order (Doc. 80) is **DENIED as moot**.

### B. Motion to Amend

Smith also filed a motion to amend his Complaint in order to add class action allegations (Doc. 81). Smith argues that two inmates identified as witnesses, who previously offered affidavits in this case, were recently fired from their prison jobs. Smith maintains that this action was in retaliation for the inmates supporting Smith. He also alleges a conspiracy to frustrate his litigation. Smith seeks leave to amend his Complaint in order to add his witnesses as plaintiffs and to add a class action claim against the defendants. The Court **DENIES** Smith's request. The Court already informed Smith that his requests to amend the Complaint would not be entertained until all defendants have entered the case and the Court enters a scheduling order setting forth deadlines for amended pleadings.

Further, Smith's proposed claim, a conspiracy retaliation claim, is a new claim unrelated to the claims in this case. He also fails to allege that any of the named defendants participated in this conspiracy or were responsible for his witnesses being fired from their inmate jobs. Nor has he indicated his witnesses' willingness or desire to participate as plaintiffs in this new claim. To the extent Smith alleges that he and others are now being retaliated against, he would have to file a new lawsuit after first attempting to exhaust his administrative remedies. His request to amend his Complaint with this new, unrelated claim is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 30, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**