IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADAM SMITH, #S15953                           )
                                             )
          Plaintiff,                         )
                                             )          Case No. 23-cv-1297-RJD
v.                                           )
                                             )
KYLAN KNIGHT, et al.,                        )
                                             )
          Defendant.                         )

## ORDER

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983, alleging Defendants have defamed him and violated his Eighth Amendment rights by subjecting him to inhumane conditions in segregation and spreading rumors that he is a child molester ("chomo").   Doc. 7.   Following a threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff's Complaint proceeded on the following claims:

| | |
|---|---|
| Count 1: | Officers Kempfer and Fred created an unnecessary and increased risk of serious physical harm to Smith when they threatened to break his jaw and spread a rumor that he is a "chomo" beginning on February 17, 2023 in violation of the Eighth Amendment |
| Count 2: | Officers Kempfer and Fred conspired to deprive Smith of his right to be free from cruel and unusual punishment under the Eighth Amendment, when they told inmtes he was a "chomo" beginning on February 17, 2023. |
| Count 4: | Officers Kempfer and Fred defamed (slandered) Smith when they spread a false rumor that he is a "chomo" in violation of Illinois state law. |

Count 7:    Officer Knight subjected Smith to unconstitutional conditions of confinement in segregation by cutting off the water supply to his cell and thereby depriving him of use of a sink or toilet, in violation of the Eighth Amendment

Count 9:    Officer Knight and Warden Wills subjected Smith to unconstitutional conditions of confinement in segregation by confining him 24/7 in a cell with no bars, no water, no showers, no working toilet, no working sink, and peeling lead paint, in violation of the Eighth Amendment.

Doc. 7.

This case was previously pending before Chief Judge Rosenstengel,  Plaintiff filed motions and related pleadings requesting preliminary injunctive relief; namely, that he be transferred to a different prison.   Docs. 12, 47, 48, 49.   Chief Judge Rosenstengel held an evidentiary hearing and ultimately denied Plaintiff's Motions for injunctive relief.   Doc. 61. Upon consent by the parties, this case is now proceeding before the undersigned.   Doc. 96.   This matter comes before the Court on multiple motions filed by the parties.

**Motion for Reconsideration (Doc. 84)**

Plaintiff filed a "Motion For Court to Order Mail Room to Mail Out Grievance Appeals" in which he asked Chief Judge Rosenstengel to order the mail room to send his grievance appeals. Doc. 78.   In denying Plaintiff's Motion, Chief Judge Rosenstengel noted that the mail room staff members were not parties to this suit and that Plaintiff's issues with the grievances being sent to the ARB were not related to the allegations in this lawsuit.   Doc. 82.   Plaintiff asks the Court to "reconsider" because the allegations in this lawsuit are also stated in the grievances.   Plaintiff misunderstands the Order.   While the statements found within the grievances may be related to this case, the alleged mishandling of those grievances is not a part of this suit.   Defendant's Motion for Reconsideration is DENIED.

Plaintiff also argues that he filed this lawsuit "as an emergency complaint" before he exhausted his administrative remedies and takes issue with Chief Judge Rosenstengel's statement that he should have exhausted his grievances prior to filing the Complaint.   Any argument Plaintiff wishes to make on this subject should be made in response to Defendants' Motions for Summary Judgment on the issue of exhaustion (if any are filed).

**Motion for Leave to File Amended Complaint (Doc. 97)**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit has recognized that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's proposed amended contains the same allegations that comprise Counts 1, 2, 4, 7, and 9 in the original complaint.   The proposed complaint details new allegations against Defendant Wills, Fred, Kempfer, and Knight.   Regarding Defendant Wills, Plaintiff alleges that he informed Defendant Wills in an emergency grievance on April 27, 2023 that Defendant Kempfer was going to break his jaw, and Defendants Wills failed to intervene.

As for Defendant Fred, Plaintiff alleges that he is retaliating against him because of this lawsuit by informing more individuals that Plaintiff is a child molester, including a fellow inmate who was previously on good terms with Plaintiff.   Now this fellow inmate has threatened violence against Plaintiff.[1]   Plaintiff submitted a grievance regarding Defendant Fred on March 16, 2023 and on May 1, 2023 filed a "Motion to Add Claim of Retaliation (against Fred)."[2]   On the night of May 1, 2023, Plaintiff heard Fred telling "cell one multiple times loudly for [Plaintiff] to hear" that Fred and other officers "were going to drag [Plaintiff] out and go through his stuff."   Five days later, Plaintiff was locked in a shower while his cell was ransacked by unidentified persons who focused on the destruction and theft of Plaintiff's legal papers related to this lawsuit.   The shakedown was "all done out of retaliation."

Defendants Knight and Kempfer have also threatened Plaintiff to stop Plaintiff from continuing with this lawsuit.   An internal affairs officer ("I.A. John Doe") has destroyed or concealed video footage of the incidents alleged in Plaintiff's Complaint "in order to frustrate this lawsuit."

Based on these allegations, the Court finds it necessary to divide the new allegations in Plaintiff's proposed amended complaint into the following claims:

Count 10:     Warden Wills failed to protect Plaintiff from a substantial risk of serious harm after learning that Defendant Kempfer was going to break Plaintiff's jaw, in violation of the Eighth Amendment.

Count 11:     Defendants Fred, Kempfer, and Knight have retaliated against Plaintiff for filing this lawsuit, in violation of the First Amendment.

---

[1]  Plaintiff alleges that he has to remain in segregation because of the rumors that he is a "chomo." In segregation, Plaintiff has no phone privileges, recreational opportunities, commissary, and is rarely allowed to shower.   He states that this is a new claim, but he made this allegation in his previous complaint.   Doc. 7, p. 3.

[2]  Plaintiff's Motion to Add Claim for Retaliation was related to Defendant Wills, not Defendant Fred.   Doc. 15, p. 3.

Count 12:    IA John Doe committed negligent spoliation (under Illinois state law) of the video footage in segregation that would confirm Plaintiff's allegations.[3]

Any other claim that is mentioned in the proposed amended complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Count 10

To proceed on this claim, Plaintiff must allege facts that show Defendant Wills was deliberately indifferent "to the fact that [Plaintiff] was in serious peril of being harmed."  *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (internal citations omitted).   Under the liberal standards that are applied to pleadings filed pro se, Plaintiff's allegation that he told Defendant Wills that Defendant Kempfer was going to break his jaw is sufficient for this claim to proceed against Defendant Willis.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Plaintiff's request for leave to amend is GRANTED as to Count 10.

## Counts 11 and 12

Without analyzing whether Plaintiff has sufficiently pled Counts 11 and 12, the undersigned finds that these claims belong in a separate lawsuit.  As the Seventh Circuit has instructed, unrelated claims should be filed in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).   Allowing Plaintiff to bring claims in this lawsuit that involve alleged actions that are unrelated to Plaintiff's original, underlying claims-even though those actions are allegedly consequences of this suit-would lead to the sort of "morass" in prisoner litigation the Seventh Circuit has warned district courts to avoid.  *See id.*   Accordingly, Plaintiff's request for

---

[3] Illinois does not recognize a claim for intentional spoliation of evidence. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007) (internal citations omitted).

leave to amend is DENIED as to Counts 11 and 12.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint (submitted on June 28, 2023) as the Amended Complaint.   The Court notes that although the entirety of Plaintiff's proposed amended complaint will be filed, only Counts 1, 2, 4, 7, 9, and 10 will proceed.

**Motion to Order Mail Room Supervisor to Give Plaintiff Mail Sent by Defense Counsel (Doc. 100)**

Plaintiff claims that the mail room supervisor at Menard is illegally seizing all of his outgoing and incoming mail, and requests that the Court order the supervisor to give Plaintiff mail sent to him by Defendants' attorney.   The mail room supervisor is not a party to this case and the Court has no authority to order him to give Plaintiff his mail. This motion is DENIED.

**Motion for Inquiry (Doc. 101)**

Plaintiff asks the Court whether he should file an objection to Defendants' Answers and Affirmative Defenses because the pleadings contained "a lot of false information."   Plaintiff is advised that while he should respond to any motion filed by Defendants (if he objects to the motion), he should not file an objection to Defendants' Answers.

**Motion for Status (Doc. 103)**

Plaintiff asks for the status of his pending motions.   This request is granted to the extent that this Order rules on all pending motions, including those that were pending at the time Plaintiff filed the Motion for Status.

**Motion to Copy (Doc. 105)**

Plaintiff states that he received a notice of electronic filing for Documents 103 and 104 in this case, but never received a notice for Document 102 "so obviously someone has intercepted

it."   Plaintiff asks for a copy of Document 102.   This request is DENIED because Doc. 102 is a pleading filed by Plaintiff on November 28, 2023 titled "Objection to Defendants' Response to Plaintiff's Motion for Leave to [Accept] Amended Complaint."

**Motion to Strike Plaintiff's Notice to the Court (Doc 106)**

On December 27, 2023, Plaintiff filed a "Notice to the Court Concerning New Issue of Tampering with Plaintiff's Water."   Doc. 104.   The notice states that Correctional Officer Welge (not a defendant) was tampering with Plaintiff's water in his cell.   Plaintiff filed the notice "to serve as a record and paper trail of this issue of tampering with my water in case it happens again and I at some point am forced to sue over it there will be no record."   Doc. 104, p. 2.   Defendants filed a Motion to Strike, noting that the information in the notice was irrelevant.   Federal Rule of Civil Procedure 12(f) allows the Court to strike "any…immaterial matter" from the record. Defendants are correct that the record in this case is not a proper place for Plaintiff to make a "paper trail" for other lawsuits.   Defendants' Motion to Strike is GRANTED.

**Motion to Compel Rulings on Motions (Doc. 107)**

Plaintiff contends that "an inmate advised me to compel this Court to give rulings on the motions stating it's the Plaintiff's duty to keep the wheels turning."   Plaintiff is advised that it is not necessary for him to file a motion to "compel" the Court to rule.   The Court rules on motions as soon as practicable, considering the issues involved and the procedural history of the case.   This Motion is moot, as the Court is ruling on all pending motions in this Order.

**Motion for Copy of Entire Docket (Doc. 108)**

Plaintiff wants to review the entire docket of this case to "see if by chance I missed something."   Without advising the Court of any specific issue or concern, the undersigned is not inclined to send Plaintiff copies of court records.   The Court notes that it has not entered any

orders for which Plaintiff failed to act.   Plaintiff's Motion for Copy is DENIED.

**Plaintiff's Motion for Status and Copy of Doc. 111 (Doc. 113)**

Plaintiff requested an update on this case, and also informs the Court that he never received the Order found at Doc. 111.   Plaintiff's Motion is GRANTED to the extent that this Order provides Plaintiff with the status of his case and also informs Plaintiff that a Scheduling Order will be entered on today's date. Further, the Clerk of Court is directed to send Plaintiff a copy of the Order found at Doc. 111.

**IT IS SO ORDERED.**

**DATED:   August 22, 2024**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**