IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ADAM SMITH, #S15953 | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-1279-RJD |
| KYLAN KNIGHT, ANTHONY WILLS, JUSTIN KEMPFER, and MATTHEW FRED, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983. He alleges that Defendants have defamed him and violated his Eighth Amendment rights by subjecting him to inhumane conditions in segregation and spreading rumors that he is a child molester ("chomo"). Doc. 7. Following a threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff's Complaint proceeded on the following grounds:

Count 1: Officers Kempfer and Fred created an unnecessary and increased risk of physical harm to Smith when they threatened to break his jaw and spread a rumor that he is a "chomo" beginning on February 17, 2023 in violation of the Eighth Amendment.

Count 2: Officers Kempfer and Fred conspired to deprive Smith of his right to be free from cruel and unusual punishment under the Eighth Amendment when they told inmates he was a "chomo" beginning on February 17, 2023.

Count 4: Officers Kempfer and Fred defamed (slandered) Smith when they spread a false rumor that he is a "chomo" in violation of Illinois state law.

> Count 7: Officer Knight subjected Smith to unconstitutional conditions of confinement in segregation by cutting off the water supply to his cell and thereby depriving him of use of a sink or toilet, in violation of the Eighth Amendment.
>
> Count 9: Officers Knight and Warden Wills subjected Smith to unconstitutional conditions of confinement in segregation by confining him 24/7 in a cell with no bars, no water, no showers, no working toilet, no working sink, and peeling lead paint, in violation of the Eighth Amendment.

Doc. 7. Plaintiff subsequently filed a Motion for Leave to Amend his Complaint (Doc. 97) which was granted in part by the undersigned, allowing Plaintiff to proceed on the following claim (in addition to Counts 1, 2, 4, 7, and 9):

> Count 10: Warden Wills failed to protect Plaintiff from a substantial risk of serious harm after learning that Defendant Kempfer was going to break Plaintiff's jaw, in violation of the Eighth Amendment.

Now pending before the Court is Plaintiff's Motion for Leave to file a Second Amended Complaint. Doc. 137. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit has recognized that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). The Court may deny leave to file an

amended pleading that is futile or was unduly delayed. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In his motion, Plaintiff requests to add a new claim that Warden Wills was deliberately indifferent to the risk of physical harm subjected to Plaintiff by Defendant Fred's slander (i.e., the "chomo" rumors). Doc. 137, p. 1. Within the proposed second amended complaint, Plaintiff refers to a grievance dated February 17, 2023 grievance in which Plaintiff writes that a correctional officer told other inmates that Plaintiff is a child molester so that the other inmates would kill him. Doc. 137-1, pp. 8, 17-18. Warden Wills determined the grievance was not an emergency on February 22, 2023. *Id.*, p. 17. To sufficiently plead a failure to protect claim, Plaintiff must allege that "'he is incarcerated under conditions posing a substantial risk of serious harm' and defendant-officials acted with 'deliberate indifference' to that risk.'" *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff has sufficiently alleged that Warden Wills was deliberately indifferent to the risk of other inmates harming Plaintiff regarding the "chomo" rumors and therefore Plaintiff may proceed with a new claim in the Second Amended Complaint:

> Count 11: Warden Wills failed to protect Plaintiff from a substantial risk of serious harm after learning that Defendant Kempfer or Fred told other inmates that Plaintiff is a "chomo", in violation of the Eighth Amendment.

Finding that Plaintiff's Motion for Leave (Doc. 137) is neither futile nor untimely, it is GRANTED. The Clerk of Court is directed to file the Second Amended Complaint (Doc. 137-1).

The Court notes that within his Motion, Plaintiff contends that he wants to add to this

lawsuit that Defendant Wills was deliberately indifferent his lack of access to running water. That allegation was previously included in Count 9. Doc. 7, pp. 4, 9. Plaintiff also requests to add to this lawsuit that Warden Wills was deliberately indifferent to the lead paint in his cell, an allegation that was also already included in Count 9. *Id*. In any event, Count 9 against Warden Wills' for deliberate indifference to Plaintiff's lack of water, exposure to lead, and other issues will continue in this case, as it is again alleged in the Second Amended Complaint.

One final clarification: within the proposed second amended complaint, Plaintiff alleges that he will have to stay in segregation or protective custody for the remainder of his time in prison because of the "chomo" rumors by Defendants Kempfer and Fred. Plaintiff's allegations do not state a new claim against Defendants Kempfer and Fred; whether Plaintiff is relegated to segregation or protective custody because of statements made by Defendants Kempfer and Fred is a potential element of damages he may seek in Counts 1, 2, and 3.

The Second Amended Complaint is now the operative Complaint. Federal Rule of Civil Procedure 15(a)(3) allow Defendants 14 days to file their Answer to the Second Amended Complaint but considering the end-of-the year holidays, Defendants may have until January 31, 2025 to file their Answers. If they raise the affirmative defense of administrative remedy exhaustion, they must file a Motion for Summary Judgment on the issue of exhaustion by February 28, 2025.

There are multiple other motions pending by the parties, all of which are moot in light of the Court granting Plaintiff leave to file the Second Amended Complaint. Some issues were raised in those motions that deserve attention in an effort to avoid further confusion and delay in this case. After the Court granted Plaintiff leave to file the First Amended Complaint (Docs. 117, 119) and entered a Scheduling Order (Doc. 118), Plaintiff filed a motion asking the Court to send

him a copy of the First Amended Complaint.  Doc. 120.  He later found a copy of it in his room after the tactical team at Menard completed a shakedown of his cell.  Doc. 132.  Before finding it, however, Plaintiff filed multiple motion stating his belief that the librarian at Menard stole and then filed his First Amended Complaint without his permission.  Docs. 123, 125, 126.  **Plaintiff is advised that the Court, not the librarian at Menard, filed the First Amended Complaint.**  When the undersigned granted leave to Plaintiff to file the First Amended Complaint, the undersigned directed the Clerk of this Court to file the First Amended Complaint as the operative complaint.  That same procedure is followed in this Order.

Under the belief that his First Amended Complaint was stolen and then filed without his permission by the librarian at Menard, Plaintiff filed two motions, asking the Court to strike the First Amended Complaint.  Docs. 123 and 125.  In light of the request to strike the Amended Complaint, Defendants asked to stay the deadlines for their Answers and Motions for Summary Judgment on the Issue of Administrative Remedy Exhaustion.  Docs. 124 and 129.  Plaintiff opposed these motions, filing Motions to Strike instead of Responses that stated his objections.  Docs. 126, 130, and 133.  Defendants filed Responses to these Motions to Strike (Docs. 131 and 135) and Plaintiff filed a "Motion to Deny" one of those Responses.  Doc. 138.

In mid-November, Plaintiff mailed to the Court his Motion for Leave to File the Second Amended Complaint; the Court received the Motion on December 6, 2024.  Doc. 137-1, pp. 11, 43.  Plaintiff then filed four identical or nearly identical pleadings titled "Urgent Complaint/Inquiry" because he did not receive a "Notice of Electronic Filing" regarding the Motion until December 12, 2024.  Docs. 139-43.  Within those "Urgent Complaint[s]/Inquir[ies]", Plaintiff demanded that the Clerk's Office file the motion and write him a letter that explains "what the [] is going on" and mail him copies of the Second Amended

Complaint. Plaintiff also demands that the Court file a "Motion to Compel" Defendant Wills to answer discovery that Plaintiff contends was in the same envelope as the Motion for Leave to File Second Amended Complaint. Plaintiff is advised that the Court has not received any type of Motion to Compel regarding Defendant Wills.

Judicial resources are not unlimited. The Court cannot rule immediately on every motion or pleading filed by Plaintiff and hopes that Plaintiff now understands some general guidelines that will serve him well throughout this litigation:

- When the undersigned orders the Clerk of Court to file a pleading, it is an employee of the Court who actually files the pleading.

- If the Court has not filed a motion or pleading sent via U.S. Postal Service, it is likely because the Court has not received that motion or pleading. If the Court receives an item that for some reason cannot or will not be filed, then the Court files an order or notice explaining why the item was not filed.

- The Court does not, as a matter of course, send litigants copies of what they or opposing parties file. Occasionally, and for good cause, the Court will send a courtesy copy of a particular document to a pro se plaintiff. Plaintiff needs to make his own copies of pleadings that he files.

- It is neither helpful nor advisable for litigants to flood the Court with demands for the Court to take specific action. The Court rules on motions as soon as practicable, considering when the motions were filed, the procedural posture of the case, and the urgency of the issues presented as compared to other pending cases and motions. In some instances, filing

- multiple motions asking the Court to rule on previously filed motions only delays progression of the case, as Court resources must be expended on the requests to rule on pending motions.

- The Court will not tolerate foul language or acronyms of foul language in pleadings. Occasionally, foul language appears in exhibits that are contained in the Court record, but there is no reason for litigants to include such language in their pleadings. Plaintiff is warned that any future pleadings filed by him and/or addressed by him to the Clerk of Court that contain foul language will be stricken.

- If Plaintiff has objections to a Motion filed by Defendants, he should file a Response to that motion, and not a Motion to Strike the Defendants' Motion.

### Conclusion

Plaintiff's Motion for Leave (Doc. 137) is GRANTED. All other pending motions (Docs. 123-30, 133, 136, and 138) are DENIED AS MOOT. The Clerk of Court is directed to file Plaintiff's Second Amended Complaint, found at Doc. 137-1. Defendants must file their Answers to the Second Amended Complaint on or before January 31, 2025. If Defendants raise the affirmative defense of administrative remedy exhaustion, they must file a Motion for Summary Judgment on the issue of exhaustion by February 28, 2025.

Plaintiff is warned that any future pleadings filed by him that contain foul language or acronyms of foul language will be stricken.

**IT IS SO ORDERED.**

**DATED:   December 23, 2024**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**