IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM SMITH, #S15953 | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 23-cv-1297-RJD |
| v. | )<br>) |
| KYLAN KNIGHT, ANTHONY WILLS, JUSTIN KEMPFER, and MATTHEW FRED, | )<br>)<br>) |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections at Lawrence Correctional Center ("Lawrence"), filed this lawsuit pursuant to 42 U.S.C. §1983. He alleges that Defendants slandered him and violated his Eighth Amendment rights at Menard Correctional Center. Docs. 145, 146. Defendants' Motion for Summary Judgment on the issue of administrative remedy exhaustion is currently pending. Doc. 171. In a previous Order, the Court scheduled an evidentiary hearing on Defendants' Motion for June 9, 2025. Doc. 188. In the meantime, however, there are fifteen motions pending by Plaintiff that repeat four requests: (1) for the Court to file documents the Court does not have; (2) for defense counsel to send various documents to Plaintiff; (3) for the Court to order the mailroom supervisor at Lawrence to give Plaintiff his mail; and (4) for the Court to provide Plaintiff a status update on this case.

In his "Motion to Direct Clerk to e-file pages 14 and 42 of Amended Complaint" (Doc. 160), Plaintiff explains that defense counsel provided him with a copy of his Second Amended Complaint (Doc. 146) after it was filed by the Clerk of Court. Plaintiff states that he "discovered

Page **1** of **3**

that the clerk missed page 14 exhibit 2 and page 43 proof of service." On December 6, 2024, the Court received an envelope via USPS from Plaintiff containing his Second Amended Complaint, a 41 page document. There are handwritten page numbers in the bottom right corner of the 41 pages; however, there is no page that is hand numbered 14, nor is there a page that is numbered 43. Doc. 137-1. Because the Court did not receive from Plaintiff pages that were numbered 14 or 43, those pages were not filed. The Court still does not have those pages. Plaintiff's "Motion to Direct clerk to e-file pages 14 and 43 of Amended Complaint" (Doc. 160) is therefore DENIED; Plaintiff's "Motion to Compel a Ruling on the 'Motion to Direct Clerk to e-file pages 14 and 43 of Amended Complaint'" is also DENIED. Doc. 169. Plaintiff is again advised to retain a copy of everything he sends to the Court.

Plaintiff's Motions for Status (Docs. 159, 162, 164) are GRANTED to the extent that this Order provides him with an update on this case. Two weeks after Defendants filed their Motion for Summary Judgment, Plaintiff filed a "Motion for Inquiry and or Notice to the Court" (Doc. 174) that he had not received Defendants' Motion for Summary Judgment. Plaintiff also makes two requests for the Court and/or defense counsel to send him a copy of Defendants' Motion for Summary Judgment. Docs. 175 and 176. These requests (Docs. 174-176) are DENIED AS MOOT because Plaintiff's Response to Defendants' Motion for Summary Judgment indicates that he has since received the Motion and supporting Memorandum. Doc. 186.

Plaintiff filed two motions for the Court to order the mailroom supervisor at Lawrence to give Plaintiff his mail. Doc. 184 and 187. The Court has previously informed Plaintiff that it has no authority to order the mailroom supervisor at Plaintiff's prison to take any action. Doc. 117. These requests are DENIED and any future requests regarding the mailroom supervisor will be STRICKEN.

The Court has also previously informed Plaintiff that FOIA requests to Defendants, written discovery to defense counsel, and communications with defense counsel should not be filed with the Court. Doc. 151. Accordingly, the Clerk of Court is directed to STRIKE Plaintiff's "FOIA request" to defense counsel (Doc. 157). Plaintiff also filed two Motions to Compel defense counsel to provide certain grievance records. Docs. 154 and 156. Defense counsel explains that she requested grievance records from Menard Correctional Center and would provide them to Plaintiff. Doc. 161. Therefore, Plaintiff's Motions to Compel are DENIED AS MOOT. In the future, Plaintiff is directed to first send a letter to defense counsel regarding discovery documents he believes should be produced before filing a Motion to Compel.

On multiple occasions, Plaintiff has requested and received from the Court copies of pleadings from this case. Docs. 40, 46, and 151. Earlier this year, he was advised to be prepared to pay the Court's standard copying fee for any additional pleadings, which is $0.50 per page. Doc. 151. Plaintiff now requests a copy of Defendants' Response (Doc. 161) to his Motions to Compel. Doc. 165. Defendants' Response is four pages long. Plaintiff is directed to send $2.00 to the Clerk's Office and, upon receipt, the Clerk shall mail to Plaintiff a copy of Defendants' Response filed on January 28, 2025 (Doc. 161).

**IT IS SO ORDERED.**

**DATED:  May 29, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**