IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ADAM SMITH, #S15953 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-1297-RJD |
| KYLAN KNIGHT and ANTHONY WILLS, | ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections at Lawrence Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983.  Doc. 1.  He alleges that Defendants violated his Eighth Amendment rights at Menard Correctional Center ("Menard") by subjecting him to inhumane conditions in segregation.  Doc. 146.  Following resolution of Defendants' Motion for Summary Judgment on the issue of administrative remedy exhaustion, Plaintiff proceeds on the following claims in his Second Amended Complaint:

> Count 7: Officer Knight subjected Smith to unconstitutional conditions of confinement in segregation by cutting off the water supply to his cell and thereby depriving him of use of a sink or toilet, in violation of the Eighth Amendment.
>
> Count 9: Officers Knight and Warden Wills subjected Smith to unconstitutional conditions of confinement in segregation by confining him 24/7 in a cell with no water, no showers, no working toilet, and no working sink, in violation of the Eighth Amendment.

Doc. 211.  This matter comes before the Court on multiple motions filed by the parties.

**Motions to Reconsider (Docs. 216, 218)**

As a preliminary matter, the Court notes that Plaintiff has filed no less than six motions to reconsider various interlocutory orders in this case. Docs. 15, 38, 84, 199, 202, 216, 218. Two of those motions are currently pending. Docs. 216 and 218. Any non-final order in this case "may be revised at any time." Fed. R. Civ. P. 54(b). However, the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence", not "rehash" the same arguments previously made, or arguments that could have been previously made. *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015) (internal citations and quotations omitted). Judicial resources have limits.

First, Plaintiff has filed a Motion to Reconsider an order on a Motion to Reconsider involving an exhibit that Plaintiff believes was attached to his proposed Second Amended Complaint when it was submitted to the Court. Doc. 216. Plaintiff previously filed three motions regarding the exhibit that ultimately was not attached to the Second Amended Complaint when filed by the Court. Docs. 190, 212. The Court denied Plaintiff's third motion with prejudice. Doc. 212. Nonetheless, Plaintiff files his fourth Motion, a Motion to Reconsider the order on a Motion to Reconsider, arguing that the Court does not understand the importance of the exhibit which contains correspondence from his correctional counselor Doc. 216. The correspondence tells Plaintiff, among other that things, that video footage taken at the prison "may be received by an attorney who has filed a lawsuit on your behalf." *Id*. Plaintiff believes "officers destroyed video footage" of an altercation between him and Defendant Knight. *Id*. Regardless, the issue raised in Plaintiff's Motions to Reconsider-whether the document was submitted with the Second Amended Complaint- has been considered and resolved. Docs. 190 and 211. The Clerk of Court is directed to STRIKE Plaintiff's Motion to Reconsider (Doc. 216),

as the third motion to reconsider this issue was denied with prejudice.   Plaintiff is advised that if the issue of video footage arises (either as a discovery issue or in dispositive motions), Plaintiff may attach the document containing his counselor's correspondence to whatever pleading he files on that issue.   Plaintiff may also move to admit the document at trial.

Plaintiff also asks the Court to reconsider its decision to grant summary judgment on the issue of administrative remedy exhaustion for Counts 1, 2, 4, 10, and 11. Doc. 218.   None of Plaintiff's claims were exhausted via the administrative remedy process prior to Plaintiff filing suit.   However, summary judgment was only warranted in favor of Defendants on Count 1, 2, 4, 10 and 11.   Counts 7 and 9 survived summary judgment because a genuine issue of material fact exists as to whether the administrative remedy process was unavailable to Plaintiff regarding his alleged denial of drinking water.   From the evidence, one could infer that the only reason Plaintiff was ultimately given access to drinking water was because he filed suit and a Motion for Preliminary Injunction, and therefore he could not have waited to exhaust his administrative remedies prior to filing suit.[1]

Plaintiff's Motion for Reconsideration of the summary judgment order asks the Court to find that the calamities Plaintiff faced in Counts 1, 2, 4, 10, and 11 were as imminently dangerous as his lack of access to water.   To be clear, the undersigned did not rank the allegations in Plaintiff's Second Amended Complaint from most to least imminently dangerous threats.   Counts 1, 2, 4, 10, and 11 were dismissed because the record unambiguously reflected that administrative remedies were available to Plaintiff regarding those allegations.   In contrast, the record contained a question of material fact as to whether administrative remedies were available to Plaintiff for

---

[1] Plaintiff testified that when the Court ordered Defendant Wills to respond to Plaintiff's Motion for Preliminary Injunction, the water was turned on in Plaintiff's cell.

Counts 7 and 9.   Docs. 211, pp. 10-11.   Plaintiff's Motion to Reconsider (Doc. 216) fails to identify a manifest error of law or fact in the Court's decision on Defendants' Motion for Summary Judgment, and is therefore denied.   Defendants' Motion for Extension of Time to respond to the Motion to Reconsider (Doc. 221) is DENIED AS MOOT.

**Plaintiff's Motion for Inquiry (Doc. 215)**

This motion was filed on July 22, 2025; in it, Plaintiff asks if the Court received three pleadings from him in the previous week.   Doc. 215.   The Court received and filed three documents from Plaintiff on July 18, 2025.   Docs. 207, 208, and 209.   The three documents contained Plaintiff's arguments opposing Defendants' exhaustion summary judgment motion.   *Id*.

**Defendants' Motion to Strike (Doc. 220)**

On August 12, 2025, Plaintiff filed a document titled "Plaintiff seeks punitive damages for pain and suffering."   Doc. 217.   Plaintiff's Second Amended Complaint (filed in December 2024) requests punitive damages.   Doc. 145, p. 12.   Federal Rule of Civil Procedure 12(f)(2) allows the Court to strike pleadings that are "redundant."   It is not necessary for Plaintiff to file additional pleadings to reiterate what type of damages he is seeking.   Defendants' Motion to Strike "Plaintiff seeks punitive damages for pain and suffering" (Doc. 217) is GRANTED.   The Clerk of Court is directed to strike Document #217.

**Plaintiff's Motion to Inform Defendants of Settlement Offer and Motion for Settlement Conference (Docs. 222 and 233)**

Plaintiff has two pending motions in which he states his belief that counsel for Defendants has not informed her clients of his settlement demand because he never "received any answer or acknowledgment."   Docs. 222 and 233.   Plaintiff is advised that simply because Defendants have not responded to his settlement demand does not mean they are unaware of it.   As counsel for

Defendants acknowledged, she has an ethical obligation to inform her clients of settlement demands.   Doc. 224.   Plaintiff's Motions to order defense counsel to inform her clients of Plaintiff's settlement demands and in the alternative, to require Defendants to appear in person in Court so Plaintiff can tell them his demand (Docs. 222 and 233) are DENIED.    However, Defendants were previously willing to appear for a settlement conference (Doc. 152) and are advised that if they are still interested (after receiving Plaintiff's demand) they may inform the Court and the undersigned will consider setting another settlement conference.

**Plaintiff's Motion for Leave to Amend Lawsuit (Doc. 229)**

Plaintiff provides the undersigned with a copy of an Order entered by Judge Rosenstengel after an evidentiary hearing in which another inmate at Menard testified to being placed in a cell with no working toilet or water.   Doc. 229, pp. 3-35.   Plaintiff asks to use Judge Rosenstengel's Order "as evidence against Defendant Knight under modus operandi…because it proves that this is a common widespread practice among all officers at Menard."   Plaintiff may attempt to introduce evidence regarding Defendant Knight's "modus operandi" during the summary judgment stage or at trial, but for now, the "Motion for Leave to Amend Lawsuit" (Doc. 229) is DENIED.   The Court will not preemptively consider this evidence.

**IT IS SO ORDERED.**

**DATED: March 10, 2026**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**