IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ADAM SMITH, #S15953 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-1297-RJD |
| KYLAN KNIGHT and ANTHONY WILLS, | ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections at Lawrence Correctional Center, filed this lawsuit pro se and in forma pauperis. Doc. 1. He alleges that Defendants violated his Eighth Amendment rights at Menard Correctional Center ("Menard") by subjecting him to inhumane conditions in segregation. Doc. 146. Following resolution of Defendants' Motion for Summary Judgment on the issue of administrative remedy exhaustion, Plaintiff proceeds on the following claims in his Second Amended Complaint:

> Count 7: Officer Knight subjected Smith to unconstitutional conditions of confinement in segregation by cutting off the water supply to his cell and thereby depriving him of use of a sink or toilet, in violation of the Eighth Amendment.
>
> Count 9: Officers Knight and Warden Wills subjected Smith to unconstitutional conditions of confinement in segregation by confining him 24/7 in a cell with no water, no showers, no working toilet, and no working sink, in violation of the Eighth Amendment.

Doc. 211. This matter comes before the Court on multiple motions filed by Plaintiff.

Page **1** of **4**

First, Plaintiff asks the Court to recruit counsel for him.   There is no statutory or constitutional right to counsel in a civil case.   However, this Court may recruit an attorney to represent a litigant who cannot afford counsel.   28 U.S.C. §1915(e).   When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.   *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).   The Court is satisfied that Plaintiff made reasonable efforts to obtain counsel.   Doc. 236, pp. 3-6.   However, Plaintiff appears competent to litigate this case himself.   The pleadings filed so far in this case reflect that Plaintiff can understand and respond to Defendants' legal arguments.   See, e.g., Doc. 186.   Simple issues of fact are involved in this case: namely, whether Plaintiff had access to water in segregation in April 2023 and if he did not, whether Defendants were aware.   At the hearing on Defendants' Motion for Summary Judgment on the issue of administrative remedy exhaustion, Plaintiff was able to testify about the conditions he faced in segregation in April 2023 and how he subsequently attempted to file grievances, alert prison officials, and ultimately seek relief from the Court to obtain water for his cell.   The Court expects that Plaintiff will be able to testify similarly at his deposition and at trial.

Plaintiff contends that he needs an attorney to find an expert to perform forensic testing on the mold and scum from the toilet in his cell in April 2023 to prove that there was no running water during that time.[1]   Plaintiff also explains that he needs an attorney to counsel him on "how much information to provide for each question" at his deposition.   Of course, any pro se litigant

---

[1] The Court questions whether such testing is possible.

could potentially benefit from strategizing with legal counsel, or from having an expert. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). This Court does not have the resources available to recruit an attorney for every pro se litigant. Here, the issue of whether Defendants were aware that Plaintiff had no running water, or whether Defendant Knight was responsible for Plaintiff's lack of water, are not so complex as to rquire an expert or professional strategizing. *See id*. Plaintiff's Motion for Recruitment of Counsel is DENIED.

After filing the Motion for Recruitment of Counsel, Plaintiff received a notice of deposition from defense counsel, setting his deposition for May 13, 2026. Doc. 244. Plaintiff then filed a "Motion to Reschedule zoom deposition and compel ruling on motion to recruit counsel." *Id*. This motion (Doc. 244) is DENIED. Plaintiff will now have another week following entry of this Order to prepare for his deposition.

Plaintiff previously filed two motions in which he claimed that counsel for Defendants never informed her clients of his settlement demand because he never "received any answer or acknowledgment." Docs. 222 and 233. Plaintiff asked the Court to order defense counsel to inform Defendants of his settlement demand. *Id*. The Court denied the motions, advising Plaintiff that simply because Defendants have not responded to his settlement demand does not mean they are unaware of it. Doc. 234. Plaintiff now renews his request that the Court order defense counsel to inform her clients of Plaintiff's settlement demand. Doc. 238. Defendants responded, stating that counsel informed Defendants of the settlement demand and "authority to settle this case has been denied at this stage in litigation." Doc. 240. Plaintiff's Motion to Direct defense counsel to inform her clients of Plaintiff's settlement demand (Doc. 238) is DENIED WITH PREJUDICE. Any future motions on this issue will be stricken.

Finally, the Court notes that Plaintiff submitted a proposed amended complaint as an

attachment to a Reply to Defendants' Response to his Motion for Leave to Amend lawsuit. Plaintiff's Motion for Leave was filed on February 9, 2026 and the Court denied it on March 10, 2026, noting that Plaintiff was not asking to amend his complaint but to use an order by District Judge Rosenstengel in another case "as evidence against Defendant Knight under modus operandi…because it proves that [his conduct alleged in this case] is common widespread practice among all officers at Menard."  Doc. 334.  The Court denied Plaintiff's Motion, finding that it would not preemptively consider such evidence without a corresponding motion or trial. *Id*. Defendant Knight had responded to Plaintiff's motion, arguing that Plaintiff neglected to attach a proposed amended complaint.  Doc. 232.  Plaintiff then submitted a proposed amended complaint as part of a Reply to Defendant's Response (even though the Court had already denied the motion for leave).  Doc. 237.  Even if the Court considered Plaintiff's Reply as a renewed Motion for Leave to file an amended Complaint, the Court would nonetheless deny the motion because Plaintiff has failed to establish good cause (or any cause) for the amendment.  Plaintiff may attempt to introduce evidence regarding either Defendants' "modus operandi" at trial or during the dispositive motion stage, regardless of whether Judge Rosenstengel's Order is part of the operative complaint.

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**